UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-2271 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| SUPERINTENDENT, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**BACKGROUND**

Plaintiff Ronald Pruden, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, initiated this action *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983. On December 14, 2007, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2).[1] For the reasons set forth below, Plaintiff's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

In the "Statement of Claim" section of his Complaint, Plaintiff alleges as follows:

The staff's intent is to get him. (Doc. 1 at 2.) In October 2007, the psychologist said that Plaintiff will be refused "time cuts and S.S.N.U. Program[2]" and he will personally see to it. (*Id.*) Plaintiff was taken to a program review committeee, and they informed him

---

1. Plaintiff completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. On December 28, 2007, the Court issued an Administrative Order (Doc. 6) directing the Warden of SCI-Graterford to commence deducting the full filing fee from Plaintiff's prison trust fund account.

2. Plaintiff later identifies the "S.S.N.U." as the "Special Needs Unit." (Doc. 1 at 2, IV, ¶3.)

that they don't have to give him the time cuts or S.S.N.U.  While the remainder of Plaintiff's allegations are unclear, it is clear that he alleges that he was put in a suicide cell, "they" read his mail, and an officer brought him two grievance forms to provoke a complaint.  (*Id*.)  As relief, Plaintiff seeks removal from the state prison to a federal prison.  (Doc. 1 at 3.)

## DISCUSSION

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated the following civil actions which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: (1) *Pruden v. SCI-Camp Hill, et al*, Civil No. 3:07-CV-0604 (M.D. Pa. June 21, 2007) (complaint dismissed for failure to prosecute after Plaintiff failed to file amended complaint in compliance with Court Order), *appeal dismissed*, No. 07-3073 (3d Cir. October 30, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (2) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (3) *Pruden v. Department of Corrections*, Civil No. 3:07-CV-0768 (M.D. Pa. May 15, 2007) (complaint dismissed *sua sponte* as frivolous), *appeal dismissed*, No. 07-

3074 (3d Cir. October 4, 2007)(appeal dismissed for lack of jurisidiction because Plaintiff filed appeal beyond time prescribed by FED. R. APP. P. (4)(a)(1)(A)).

      The "imminent danger" exception to 1915(g)'s "three strikes" rule is inapplicable in this case.  The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Plaintiff's allegations that he was denied time cuts and placement in the special needs unit and that he was placed in a suicide cell and provided with grievance forms do not suggest that he was in imminent danger of serious physical injury at the time of filing his complaint.  To the contrary, the fact that he was placed in a suicide cell suggests that precautions were taken to ensure Plaintiff's safety.  Thus, pursuant to the standards announced in §1915(g), Plaintiff's present civil rights action is barred under §1915(g).  An appropriate Order will follow.

March 17, 2008                              s/ A. Richard Caputo
                                                    A. RICHARD CAPUTO
                                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PRUDEN, :
:
    Plaintiff, : CIVIL NO. 3:CV-07-2271
:
v. : (Judge Caputo)
:
SUPERINTENDENT, :
:
    Defendants. :

### ORDER

**AND NOW, THIS 17th DAY OF MARCH, 2008**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

    2.    Plaintiff's Complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

    3.    The Administrative Order (Doc. 6) is **VACATED**.

    4.    The Clerk of Court is directed to close this case.

    5.    Any appeal from this Order will be deemed frivolous and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

                                  s/ A. Richard Caputo
                                  A. RICHARD CAPUTO
                                  United States District Judge